Harold Tessler, J.
Motion by defendants for an order (1) pursuant to section 1451 of the Civil Practice Act staying all proceedings in this action and to direct the parties thereto to submit to arbitration the issues raised by the plaintiffs herein, (2) pursuant to section 1450 of the Civil Practice Act directing the plaintiff to proceed to arbitration of certain issues delineated in a “ Demand for Arbitration ” dated September 22, 1961, and (3) pursuant to section 1452 of the Civil Practice Act appointing a third arbitrator in accordance with the terms of the agreement providing for the selection of arbitrators.
On August 30, 1960, plaintiff and defendant Murray Cohen entered into an agreement which provided that said defendant would package plaintiff’s confectionery products. Paragraph “ 7 ” thereof provided that: “ All packages shall be prepared in such weights and quantities as may be designated by the Distributor and the same shall be completed and properly sealed and packed in cartons or other containers in quantities designated by the Distributor. All services required to be performed by the Packager shall be done in a good and workmanlike manner under the usual conditions pertaining to each product of the Distributor.”
The agreement further provided in paragraph “ 9 ”: “In
the event of any dispute hereunder, the parties agree that Packager shall appoint one Arbitrator, Distributor shall appoint one Arbitrator, and if each of the two Arbitrators cannot agree on the settlement of such dispute, said two Arbitrators shall appoint a third Arbitrator, and a decision of the majority of them shall be binding and conclusive upon the parties. The party desiring such arbitration shall send notice to the other party naming his proposed Arbitrator and thereupon and within five (5) days thereafter, the other parties shall submit the name of his proposed Arbitrator, and such arbitration shall be conducted within five (5) days after the appointment of such two Arbitrators. In the event that they cannot settle said arbitration within five (5) days, and cannot agree to the appointment of a third Arbitrator, either party may submit to the Supreme Court of the State of New York a petition for the appointment of such third Arbitrator. Such arbitration shall be conducted under the Rules of the American Arbitration Society then pertaining but not under its auspices. ’ ’
The instant action was commenced on September 18, 1961, wherein plaintiff seeks damages in the sum of $100,000 resulting from defendants’ alleged breach of contract. The complaint, in substance, alleges that defendants have breached the contract *822 in having “ failed, neglected and refused to perform ” paragraph “ 7 ” thereof.
In opposition to defendants’ motion to stay this action and to direct the parties thereto to submit to arbitration the issues raised by the pleadings therein, plaintiff argues that since the nature of the action is one for declaratory judgment canceling the aforesaid agreement, submission of any controversy to arbitration would be a futile gesture as the arbitration clause does not empower the arbitrators to grant the relief requested and such remedy can only be granted in the Supreme Court, and further there no longer exists any disputes that can be settled by arbitration because the course of conduct of the defendants has been such that “ all notices oral and in writing, for the correction of the abuses complained of and the breach of the packaging agreement have gone on without any substantial correction by the defendants of such abuses and breaches of the agreement.”
The court finds no merit to either of plaintiff’s contentions. Although the ad damnum clause in the complaint “ demands judgment against the defendants that the contract dated August 30th, 1960 be declared null and void ’ ’, the nature of the action is solely one for breach of contract and the issues raised therein unquestionably arise out of the contract and come within the broad provision of its arbitration clause. The court is not concerned with the merits of the controversy so elaborately argued in the papers in opposition since on a motion to compel arbitration, the court may only consider the existence of an agreement to arbitrate and whether there is a dispute arising thereunder. (Matter of Carey [Westinghouse Elec. Corp.], 6 A D 2d 582, 583.) Accordingly, the first branch of the motion is granted.
Also granted is the second branch of the motion wherein defendants seek to compel arbitration pursuant to section 1450 of the Civil Practice Act of the disputes contained in the demand for arbitration dated September 22, 1961. The disputes therein delineated are clearly referable to arbitration under the agreement. Accordingly, the parties are directed to proceed to arbitration in the manner provided for under the arbitration clause as already noted.
That branch of the motion which seeks the appointment of a third arbitrator is denied at this time. The defendants alone thus far have selected an arbitrator. Should plaintiff fail to designate an arbitrator within five days after the decision appears in the New YorJc Law Journal, defendants may move for such appointment pursuant to section 1452 of the Civil Practice Act.